UNITED STATES DISTRICT COURT    FOR ONLINE PUBLICATION ONLY
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------- X

ISAAC REID, CLEMENT GREEN, ROBERT B.
WALKER, LIONEL SINGH, KEITH CLARKE,
IBRAHIMA BAH, MAMADOU WAGUE, MARIE    MEMORANDUM
W. DASNEY, ORVILLE HARRIS, GREGORY    AND ORDER
MORGAN, TREVOR FRANCIS, EVERTON    08-CV-4854(JG)(VVP)
WELSH, FRANK TAYLOR, SEYMOUR LEWIS,
and JOHANN RAMIREZ on behalf of themselves
and all others similarly situated,

                *Plaintiffs*,


    - against -

SUPERSHUTTLE INTERNATIONAL, INC.,
SUPERSHUTTLE FRANCHISE CORP., VEOLIA
TRANSPORTATION SERVICES, INC. d/b/a
SUPERSHUTTLE, and SHUTTLE ASSOCIATES,
LLC,

                *Defendants*.
----------------------------------------------------------------- X
JOHN GLEESON, United States District Judge:

        On December 2, 2008, Isaac Reid and 14 other named plaintiffs filed this putative class action under various state and federal employment laws. In March of 2009, defendants SuperShuttle International Inc., SuperShuttle Franchise Corporation, Veolia Transportation Services, Inc., and Shuttle Associates, LLC (collectively, "defendants") moved under Federal Rule of Civil Procedure 12(b) to dismiss certain of plaintiffs' claims as subject to binding arbitration agreements, unexhausted, or time-barred. On March 22, 2010, I issued an order that, *inter alia*, granted the defendant's motion to compel arbitration as to five plaintiffs, each of whom had signed a franchise agreement with an arbitration clause -- Ibrahima Bah, Lionel

Singh, Marie W. Dasney, Orville Harris and Mamadou Wague ("post-2005 plaintiffs"). On April 15, 2010, I denied the post-2005 plaintiffs' motion for reconsideration.

On April 20, 2010, the post-2005 plaintiffs filed a notice of appeal and were informed by the United States Court of Appeals for the Second Circuit that the appeal was premature because there was no indication that final judgment had been entered. Accordingly, in the instant motion, the post-2005 plaintiffs' seek the entry of final judgment against the post-2005 plaintiffs pursuant to Federal Rule of Civil Procedure 54(b). The defendants do not oppose the motion. For the reasons stated below, the plaintiffs' motion is granted.

## DISCUSSION

"Rule 54(b) permits certification of a final judgment where (1) there are multiple claims or parties, (2) at least one of the claims or the rights and liabilities of at least one party has been finally determined, and (3) 'there is no just reason for delay.'" *Grand River Enters. Six Nations v. Pryor*, 425 F. 3d 158, 165 (2d Cir. 2005)(quoting Fed. R. Civ. P. 54(b)). The policy against piecemeal appeals "requires that a Rule 54(b) certification not be granted routinely. The power should be used only in the infrequent harsh case where there exists some danger of hardship or injustice through delay which would be alleviated by immediate appeal." *Id.* (quoting *Citizens Accord, Inc. v. Town of Rochester*, 235 F.3d 126, 128-29 (2d Cir. 2000)).

Here, all three requirements for a Rule 54(b) final are satisfied. First, it is clear that this case involves multiple parties and multiple claims. Second, the rights of the five post-2005 plaintiffs have been finally determined. Third, there is no just reason for delay. The effect of my March 2010 order is to compel the five post-2005 plaintiffs to arbitration. If the plaintiffs do, in fact, file for arbitration, they will not be able to appeal my order because their claims will have been adjudicated in arbitration. If they do not file for arbitration and partial final judgment

is not entered, the plaintiffs may be required to wait several years before they can appeal. An immediate appeal, however, would alleviate this hardship. In addition, there is no risk of a piecemeal appeal, because the defendants do not intend to enforce the arbitration agreements that may have been signed by the other plaintiffs. Therefore, this issue will not recur. Accordingly, I find that the entry of final judgment against the post-2005 plaintiffs is appropriate in this case.

## CONCLUSION

For the reasons stated above, the motion is granted. The Clerk is directed to enter judgment in favor of the defendants on their claims against Bah, Singh, Dasney, Harris and Wague.

So ordered.

John Gleeson, U.S.D.J.

Dated: July 29, 2010
      Brooklyn, New York