UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

NOT FOR PUBLICATION

---

ISAAC REID, CLEMENT GREEN, ROBERT B. WALKER, LIONEL SINGH, KEITH CLARKE, IBRAHIMA BAH, MAMADOU WAGUE, MARIE W. DASNEY, ORVILLE HARRIS, GREGORY MORGAN, TREVOR FRANCIS, EVERTON WELSH, FRANK TAYLOR, SEYMOUR LEWIS, AND JOHANN RAMIREZ on behalf of themselves and all others similarly situated,

        Plaintiffs,

- versus -

SUPERSHUTTLE INTERNATIONAL, INC., SUPERSHUTTLE FRANCHISE CORPORATION, VEOLIA TRANSPORTATION SERVICES, INC., d.b.a. SUPERSHUTTLE, SHUTTLE ASSOCIATES, LLC.,

        Defendants.

**FINAL ORDER AND JUDGMENT APPROVING SETTLEMENT, CERTIFYING SETTLEMENT CLASS, APPOINTING CLASS REPRESENTATIVES AND CLASS COUNSEL, AND APPROVING CASE CONTRIBUTION AWARDS**

08-CV-4854 (JG)(VVP)

---

IT IS HEREBY ORDERED, ADJUDGED AND DECREED AS FOLLOWS:

  1.  The Court, for purposes of this Order, adopts all defined terms as set forth in the Settlement Agreement and Release filed in this case, ECF No. 104.

  2.  The Court has jurisdiction over the subject matter of the Lawsuit, the Settlement Class Representatives, the other Settlement Class Members and Defendants.

  3.  The Court finds that the method of distribution of the Notice of Settlement and Opportunity to Opt-In, as provided for in the Order Granting Preliminary Approval for the Settlement and Setting Hearing on Proposed Settlement, constituted the best notice practicable under the circumstances to all persons within the definition of the Settlement Class, and fully met the requirements of due process under the United States Constitution and New York law.  Based

on evidence and other material submitted in conjunction with the Fairness Hearing, the actual Notice provided to the Settlement Class was adequate.

4. The Court finds in favor of settlement approval.

5. The Court approves the Settlement of the above-captioned action, as set forth in the Settlement Agreement, including the release of claims and all other terms, as fair, just, reasonable and adequate as to the Settlement Class Members. The Parties are directed to perform in accordance with the terms set forth in the Settlement Agreement.

6. The Court appoints Orville Harris and Frank Taylor Settlement Class Representatives.

7. Except as to any individual claim of those Persons (identified in Attachment A hereto) who have opted out and are excluded from the Settlement Class, all of the Released Federal Law Claims and Released State Law Claims are dismissed with prejudice as to the Settlement Class Representatives and all other Participating Settlement Class Members as set forth in the Settlement Agreement.

8. Solely for purposes of effectuating this Settlement, this Court has certified a class of all Settlement Class Members, as that term is defined in and by the terms of the Settlement Agreement, and the Court deems this definition sufficient for purposes of due process and Rule 23 of the Federal Rules of Civil Procedure. The Court has also, for settlement purposes only, certified a collective action for all claims arising under the Fair Labor Standards Act ("FLSA") pursuant to 29 U.S.C. § 216(b). This certification for settlement purposes only shall not be construed to be an admission or determination as to the certifiability of any collective action, class or sub-class for any other purpose, in this Lawsuit or otherwise.

9. By this Order and Judgment, the Settlement Class Representatives shall release, relinquish and discharge, and each of the Participating Settlement Class Members shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, relinquished and discharged all Released Federal Law Claims and Released State Law Claims as set forth in the Settlement Agreement.  The Released Federal Law Claims, as defined in the Settlement Agreement, include any and all employee benefits and wage-and-hour claims, debts, obligations, guarantees, costs, expenses, attorneys' fees, demands, actions, rights, causes of action, and liabilities arising under Federal law, including under the Fair Labor Standards Act of 1938 ("FLSA"), as amended, and the Employee Retirement Income Security Act ("ERISA"), as amended, of whatever kind and nature, character and description, whether known or unknown, and whether anticipated or unanticipated, by a Participating Settlement Class Member, that arose or accrued at any time up until the date of Final Approval of this Settlement Agreement, for any type of relief, including without limitation claims for damages, unpaid wages, premium pay, unpaid overtime, adjustments to compensation, unreimbursed expenses, waiting-time penalties, or other penalties for overtime, missed meal periods, and missed rest breaks; whether for attorneys' fees, declaratory relief or injunctive relief; whether sounding in contract, tort, or otherwise; and which were or which could have been asserted in this Lawsuit against any Releasees, provided that any claim for any physical personal injury arising from any accident or incident occurring in connection with the provision of services under any franchise agreement is not waived or released and is preserved.  The Released State Law Claims, as defined in the Settlement Agreement, include any and all New York State unjust enrichment, misrepresentation, wage-and-hour claims, debts, obligations, guarantees, costs, expenses, attorneys' fees, demands, actions, rights, causes of action, and liabilities against any Releasees,

of whatever kind and nature, character and description, whether known or unknown, and whether anticipated or unanticipated, by a Participating Settlement Class Member, that arose or accrued at any time up until the date of Final Approval of this Settlement Agreement, for any type of relief, including without limitation claims for damages, unpaid wages, premium pay, unpaid overtime, adjustments to compensation, unreimbursed expenses, alleged deductions from compensation, waiting-time penalties, or other penalties for overtime, missed meal periods, and missed rest breaks; whether for attorneys' fees, declaratory relief or injunctive relief; whether sounding in contract, tort, or otherwise; including any and all claims which were or which could have been asserted in the Complaint that arose under the laws of New York including for unjust enrichment, misrepresentation, fraud, any failure to pay any type of overtime compensation or minimum wage to any Participating Settlement Class Member, any failure to pay timely wages, including payment of wages at termination, any failure to provide or pay for meal breaks, and/or rest periods, adjustments to compensation, alleged deductions from compensation, unreimbursed expenses, waiting-time penalties, all claims for penalties or additional damages, including without limitation waiting time penalties, provided that any claim for any physical personal injury arising from any accident or incident occurring in connection with the provision of services under any franchise agreement is not waived or released and is preserved. The Released State Law Claims include but are not limited to any claims arising under New York Labor Law §§ 160 *et seq.*, §§ 190 *et seq.* (including, but not limited to, § 191, § 193 and § 198), 215, 650 *et seq.*, 12 N.Y.C.R.R. § 142-2.1 *et seq.* (including, but not limited to, § 142-2.2 and § 142-2.14), and any and all other claims under any similar statute which were or which could have been asserted in this Lawsuit.

10. Neither the Settlement Agreement nor the Settlement contained therein, nor any act performed or document executed pursuant to or in furtherance of the Settlement Agreement or the Settlement: (i) is or may be deemed to be nor may be used as an admission of, or evidence of, the validity of any Released Claim, or of any wrongdoing or liability of any of the Defendants or any of the Releasees; (ii) is or may be deemed to be nor may be used in any civil, criminal or administrative proceeding in any court, administrative agency or other tribunal as an admission of, or evidence of, any fault or omission of any of the Defendants or any of the Releasees; or (iii) is or may be deemed to be, nor may be used as, an admission of, or evidence of, the validity of the certifiability of the Settlement Class for any purpose other than this settlement. Accordingly, neither the Settlement Agreement nor the Settlement will be referred to by the Class Representatives or by Class Counsel or by any Settlement Class Member in any other pleading or proceeding in any court, administrative agency or other tribunal, for any purpose or reason. In the event that the Effective Date does not occur, Defendants shall not be estopped or otherwise be precluded from contesting class or collective certification in the Litigation on any grounds Defendants or any of the Releasees may have.

11. The only Settlement Class Members entitled to payment pursuant to this Order and Judgment are Participating Settlement Class Members who are eligible to participate in the Settlement Class under all of the terms and conditions in the Settlement Agreement.

12. Defendants have agreed to pay Class Counsel their reasonable attorneys' fees in this matter as approved by the Court and in an amount up to $394,500, and Defendants have agreed to pay an enhancement to the Settlement Class Representatives to reimburse them for their services to the Settlement Class in the total amount of $34,500. Defendants have also agreed to provide certain non-monetary consideration to Participating Settlement Class Members

who have a Unit Franchise Agreement with Shuttle Associates, LLC on the Preliminary Approval Date, including the opportunity to: (i) to participate in a Franchise Resale Opportunity Program ("FROP") whereby ten (10)-year franchises may be sold and transferred with financing assistance from Defendants pursuant to the eligibility requirements and other terms of the FROP and the Settlement Agreement; (ii) have any franchise termination decisions reviewed by SuperShuttle Franchise Corporation's ("SFC") Chief Financial Officer and/or Vice President of Regulatory Affairs and/or their designee(s); (iii) have any franchise suspension decisions reviewed, upon request, by SFC's Chief Financial Officer and/or Vice President of Regulatory Affairs and/or their designee(s) within 48 hours, provided that suspensions occurring on a Friday or Saturday will be reviewed within 72 hours; and (iv) receive a memorandum to be issued by Shuttle Associates, LLC clarifying the situations that may lead to "yarding" drivers.  Defendants have also agreed to pay $100.00 to each Participating Settlement Class Member who does not have a Unit Franchise Agreement with Shuttle Associates, LLC on the Preliminary Approval Date (and who are not also Settlement Class Representatives).  Defendants have also agreed to pay all reasonable costs associated with the administration of this Settlement, including but not limited to postage, printing of Notices and the Settlement Administrator's fees and costs, up to a $25,000.00 maximum.  The Court finds that these amounts and other consideration are fair and reasonable.  Defendants are directed to make such payments and provide all other consideration in accordance with the terms of the Settlement Agreement.

13.     The Parties are to bear their own costs and attorneys' fees, except as otherwise provided in the Settlement Agreement.

14.     The Court reserves exclusive and continuing jurisdiction over the Lawsuit, the Settlement Class Representatives, the Settlement Class and Defendants for the purposes of

supervising the implementation, enforcement, construction, administration and interpretation of the Settlement Agreement and this Final Order and Judgment.

This Document shall constitute a judgment for purposes of Federal Rule of Civil Procedure, Rule 58.

So ordered.

John Gleeson, U.S.D.J.

Dated: August 10, 2012
      Brooklyn, New York